UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRUCE A. HASKELL and PATRICIA E. HASKELL,<br><br>Plaintiffs,<br><br>v.<br><br>DSHS/Children's Administration, et al.,<br><br>Defendants. | CASE NO. 3:16-cv-05162-RJB<br><br>ORDER TO SHOW CAUSE AND TO DENY PLAINTIFFS' MOTION TO APPOINT COUNSEL |

THIS MATTER comes before the Court *sua sponte* on review of Plaintiffs' § 1983 Complaint (Dkt. 1) and Motion to Appoint Counsel (Dkt. 2). The Court has considered the pleadings and the remainder of the file herein.

1. <u>Complaint</u>

The Complaint describes proceedings of a child termination case held in the Superior Court Mason County, Washington. Dkt. 1, at 1-13. Plaintiffs conclude their Complaint by requesting the following relief:

> "We are asking this Court to overturn the Order made on October 20, 2011 by the Superior Court of Washington, County of Mason, terminating the parental rights to our daughters, (S) and (A). And that the Social Workers in our lawsuit were biased against us,

ORDER TO SHOW CAUSE AND TO DENY
PLAINTIFFS' MOTION TO APPOINT COUNSEL-
1

maliciously prosecuted us, and interfered with our Constitutional Right to love, care, provide and have custody of our adopted twin daughters, now almost 11 years old. ALSO, we are asking for punitive damages in the amount of $10 million." Dkt. 1, at 13.

The gravamen of the Complaint appears to center on a Superior Court judgment, which Plaintiffs request to be "overturned." This Court does not have the power to "overturn" a state court judgment, and it appears that the Complaint fails to state a claim upon which relief may be granted. Accordingly, this Court should dismiss Plaintiffs' Complaint unless Plaintiffs can show cause why the Complaint sets forth a § 1983 claim that is within this Court's jurisdiction.

2. Motion to Appoint Counsel

In their Motion to Appoint Counsel, Plaintiffs aver the following: they have not previously been granted leave to proceed in forma pauperis; they have made efforts to retain an attorney from nonprofit organizations and firms without success; no state or federal agency has concluded that their claim has merit; their income in the past 12 months is approximately $55,000; and that their monthly bills amount to approximately $1900. Dkt. 2, at 1-5.

The Court may request an attorney to represent any person unable to afford counsel, but exercises this discretion in exception circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); 28 U.S.C. § 1915(e)(1). To find exceptional circumstances, the Court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In this case, given Plaintiffs' income of approximately $55,000 within the last 12 months and monthly bills of approximately $1900 per month, it appears that Plaintiffs can afford counsel. Even if they could not afford counsel, the claim does not appear likely to be successful on the merits. The Motion to Appoint Counsel should be denied.

ORDER TO SHOW CAUSE AND TO DENY
PLAINTIFFS' MOTION TO APPOINT COUNSEL-
2

1 | * * *

2 | THEREFORE, Plaintiffs' Motion to Appoint Counsel (Dkt. 2) is DENIED.

3 | It is further ordered that Plaintiffs may SHOW CAUSE, in writing, if any they have, why

4 | this case should not be dismissed for failure to state a claim upon which relief may be granted,

5 | by **17 March 2016**.

6 | IT IS SO ORDERED.

7 | The Clerk is directed to send uncertified copies of this Order to all counsel of record and

8 | to any party appearing *pro se* at said party's last known address.

9 | Dated this 3rd day of March, 2016.

*[signature]*

ROBERT J. BRYAN
United States District Judge