UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRUCE A. HASKELL and PATRICIA E. HASKELL,

Plaintiffs,

v.

DSHS/Children's Administration, et al.,

Defendants.

CASE NO. 3:16-cv-05162-RJB

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS ORDER comes before the Court on Defendants' Motion for Summary Judgment. Dkt. 28. The Court has considered Plaintiffs' Response (Dkt. 32), Defendants' Reply (Dkt. 34), and the remainder of the file herein. Because Plaintiffs' claims fall outside of the applicable three year statute of limitations, Defendants' motion should be granted and the case should be dismissed.

BACKGROUND

*a. Underlying state court proceedings.*

The case originates from a tragic set of circumstances.[1] Beginning in 2006, Plaintiffs cared for two special needs sisters, who Plaintiffs adopted on January 29, 2009. After two separate incidents of physical harm, the severity of which Plaintiffs have disputed and continue to dispute in this case, on March 23, 2009, the children were temporarily transferred to state care. On July 6, 2009, a state court judge found the children to be "dependents" under RCW 13.34.030(5)(c). Following a termination petition by Department of Social and Health Services (DSHS) and a 28 day trial, on October 20, 2011, a state court judge terminated Plaintiffs' parent-child relationship after finding Plaintiffs unfit to parent the children.

After the state court denied motions for reconsideration and a new trial, Plaintiffs appealed the termination judgment to Division II of the Washington State Court of Appeals, which denied review. The Commissioner for the Washington State Supreme Court also denied review, and that court denied modification of the Commissioner's review denial, on March 6, 2013. Dkts. 29-6 – 29-10.

*b. The Second Amended Complaint.*[2]

Plaintiffs allege constitutional violations pursuant to 42 U.S.C. § 1983. In the Second Amended Complaint, Plaintiffs state: "We are asking this Court to hear our lawsuit against the Shelton CPS Social Workers for abuse of power, malice, and interfering with our Constitutional Parental Rights [*sic*] to the care and custody of our daughters[.]" Dkt. 14 at 1. The complaint

---

[1] An extensive factual background is unnecessary. Division II of the Washington State Court of Appeals issued a thorough summary of the state court proceedings. *See* Dkt. 29-6.

[2] The Court analyzes the Second Amended Complaint even though this not a Fed. R. Civ. P. 12(b)(6) motion because, as discussed below, even if Plaintiffs made a showing of an issue of material fact as to every fact alleged in the Second Amended Complaint, they would not be entitled to damages as a matter of law.

then enumerates a detailed timeline, beginning in April 1986. In the sequence alleged, the last three dates appear as follows:

> June 7, 2011—the Termination of Parent/Child Relationship trial began.
>
> October 20, 2011—The Superior Court of Washington, Mason County granted the Department of Social and Health Services the power and custody of our adopted daughters. We filed a petition to the Washington State Court of Appeals.
>
> March 6, 2013—The Court of Appeals affirmed the Order of Termination of August 21, 2012.

Dkt. 14 at 17.

In the portion of the complaint entitled, "Relief," Plaintiffs allege that "The Social Workers injured us both emotionally and psychologically when they interfered with our parental rights . . . We are asking for damages, including general and special damages . . . in the amount of $10 million." Dkt. 14 at 17. In "Cause of Action," the complaint alleges eight grounds for "these Social Workers [who] did pursue maliciously and abused their position . . . to terminate our parental rights to our daughters":

1. Deceived and intimidated us into placing our recently adopted foster daughters into "Respite" foster care;
2. Filed a malicious Petition for Dependency with the Court;
3. Failed to follow a court order for a named mental health provider known to our daughters (who would allow us to be involved);
4. Deceived providers and the Court with malicious reports that continued through the Dependency and Termination trial;
5. Refused to comply with a service providers' recommendation for an in-home dependency;
6. Deceived the Court to order a "NEW" service that required we admit we abused, neglected, and/or abandoned our children;
7. Intimidated a witness to not testify about the abuse she observed that we had to endure during the "NEW" service program;

      8. Intentionally with malice caused our parental rights to be terminated by the Court.

Dkt. 14 at 18. Plaintiffs filed their complaint, which initiated this case, on February 29, 2016. Dkt. 1.

SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts

specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson*, *supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

DISCUSSION

Defendants argue that Plaintiffs' case is barred by a three year statute of limitations. Dkt. 28 at 4-7. Plaintiffs agree that a three year statute of limitations applies but argue that their case is not barred, where Plaintiffs' appeal to the Washington State Supreme Court ended on March 6, 2013, and Plaintiffs filed this case on February 29, 2016. Dkt. 32 at 2.

"Section 1983 does not contain its own statute of limitations," *TwoRivers v. Lewis*, 174 F.3d 987, 991–92 (9th Cir. 1999) so federal courts borrow the applicable statute of limitations from forum states. Under Washington law, personal injury claims are limited by a statute of limitations of three years. RCW 4.16.080(2). Federal courts also borrow the forum state's tolling rules. *Id*. Under Washington law, the three year statute of limitations for a § 1983 case against a social worker is not tolled during the appeal of a dependency judgment, even when that judgment is reversed on appeal. *Petcu v. Dep't of Soc. & Health Servs.*, 121 Wn. App. 36 (Div. II, 2004). However, "federal, not state, law determines when a civil rights claim accrues," which "[u]nder federal law . . . [is] when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id*.

Assessing whether the statute of limitations bars Plaintiffs' case is straightforward. In sequence, the last three causes of action focus on the actions of DSHS social workers during the termination trial, which was held in June of 2011. The state court issued the termination order on

October 20, 2011. Plaintiffs knew or had reason to know of alleged injuries caused by Defendants on October 20, 2011, because the harm alleged stems from conduct during or prior to trial. Therefore, the statute of limitations began to accrue *at the very latest* on October 20, 2011.

Plaintiffs argue that the statute of limitations should run from the date that the state court appeals finished, on March 6, 2013, when the Washington State Supreme Court denied a motion to modify the Commissioner's denial of review. But Plaintiffs do not argue that March 6, 2013, is when they first had reason to know of the basis of their injury. which is the relevant inquiry, and the appellate record belies any argument to the contrary. For example, on appeal to Division II, Plaintiffs argued that DSHS was required to provide family therapy, which is also a cause of action in this case. Dkt. 14 at 18, ¶3; Dkt. 29-7 at 21. Plaintiffs do not argue in the alternative that the statute of limitations was tolled for the duration of the state court appeal, but even if Plaintiffs made this argument, the *Petcu* court rejected that argument, and established the applicable law.

In *Petcu*, the court declined to toll the statute of limitations for a plaintiff's § 1983 claims against DSHS social workers during the plaintiff's appeal of a dependency judgment.

> [The plaintiff] argues that the statute of limitations on his claims tolled from the time the trial court entered its dependency orders until the Supreme Court overturned the dependency findings. He reasons that while the dependency findings were in effect, collateral estoppel barred him from filing suit against the State for negligent investigation. Thus, he argues, equity demands that the limitations period toll during that period. We disagree.

*Petcu*, 121 Wn. App. at 68. The *Petcu* court acknowledged the harsh consequences of applying the statute of limitations: "We are not unmindful of the difficulty of pursuing a civil suit simultaneously with the appeal of a dependency judgment. But a showing of hardship or understandable delay is insufficient to support tolling of the statute of limitations." *Id*. at 72. Likewise, this Court acknowledges the harsh result for Plaintiffs, but this case is

indistinguishable from *Petcu*. In fact, there were arguably stronger equitable reasons to toll in *Petcu*, because the state court was reversed on appeal, unlike this case. Finding no meaningful distinction between this case and *Petcu*, and no authority to the contrary, this Court must find that Plaintiffs' claims are barred by the statute of limitations.

Beyond the issue of the statute of limitations, Defendants also argue that this Court's review on the merits is barred by the *Rooker-Feldman* doctrine, and that the equitable doctrines of res judicata and collateral estoppel preclude the case from proceeding. Dkt. 28 at 4-11. Because the issue of the statute of limitations is dispositive, the Court need not—and expressly declines to—reach these arguments. *See* Dkt. 28 at 4. Defendants' motion for summary judgment should be granted, and the case should be dismissed.

* * *

THEREFORE it is HEREBY ORDERED that Defendants' Motion for Summary Judgment (Dkt. 28) is GRANTED. The case is DISMISSED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 16th day of September, 2012.

ROBERT J. BRYAN
United States District Judge