UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRUCE A. HASKELL and PATRICIA E. HASKELL,<br><br>             Plaintiffs,<br><br>       v.<br><br>DSHS/CHILDREN'S ADMINISTRATION,<br><br>             Defendants. | CASE NO. 3:16-cv-05162<br><br>ORDER DENYING MOTION TO AMEND OR ALTER SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Plaintiffs' Motion to Amend or Alter Summary Judgment (Dkt. 37). The Court has considered the motion, Defendants' Response (Dkt. 38), and the remainder of the file herein.

Plaintiffs' motion is timely brought under Fed.R.Civ.P. 59 and 60. Plaintiffs request that the Court re-open the case "for the purpose of adjudicating our claim for general and special damages due to Fraud, and deprivation of our Substantive and Procedural Rights." Dkt. 37 at 1.

ORDER DENYING MOTION TO AMEND OR ALTER SUMMARY JUDGMENT- 1

Under Fed.R.Civ. P. 60(e), relief from an order may granted for any of the following reasons:

>   1. mistake, inadvertence, surprise, or excusable neglect;
>   2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>   4. the judgment is void;
>   5. the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   6. any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

The Court previously dismissed the case in its Order on Motion for Summary Judgment because Plaintiffs' claims were not filed within the statute of limitations. Dkt. 35. The issue now before the Court is whether Plaintiffs have made a showing sufficient to vacate the prior order for any of the enumerated reasons by Fed.R.Civ.P. 60(b). Plaintiffs have not met their burden.

Plaintiffs reference the Order on Motion for Summary Judgment, which stated that "Plaintiffs do not argue that March 6, 2013 is when they first had reason to know of the basis of their injury." Plaintiffs now contend that they "did dispute" that date, because "after March 6, 2013, the Plaintiffs' [*sic*] starting [*sic*] reviewing all of their court and dependency reports and consistently found that the Defendants had provided fraudulent reports . . . Then the Plaintiffs' [*sic*] were ready on February 29, 2016 to file[.]" Setting aside the fact that Plaintiffs' briefing, even if generously examined, does not dispute the Court's finding as to that date, *see* Dkt. 32 at 2, the more fundamental problem for Plaintiffs is that they have not provided any lawful basis to toll the statutes of limitations. Plaintiffs' subjective feelings about not being ready to file the case are not enough, and whether Plaintiffs were aware of the statute of limitations is also insufficient.

Plaintiffs attempt to distinguish *Petcu v. Dep't of Soc. & Health Servs.*, 121 Wn.App. 36, 68 (2004), but do so in a way that is irrelevant to assessing the statute of limitations, which was the dispositive issue in this case. Plaintiffs point to no newly discovered evidence or authority that would change the harsh, but binding holding in *Petcu*. Dkt. 37 at 9.

Plaintiffs argue that the Court should generously construe their pleadings because they are pro se and are thus held to a less stringent standard. Dkt. 37 at 4. However, the Court has taken significant extra measures to assist Plaintiffs with their pleadings, for example, by issuing two orders to show cause (instead of dismissing the case). Dkts. 5, 13.

Plaintiffs also appear to take issue with the Order on Motion for Summary Judgment because it was issued prior to the close of discovery and after the Court had issued a Minute Order that outlined the case schedule. By way of explanation, the case schedule allowed the parties to file summary judgment motions at any time up until the Court's prescribed deadline, or they could elect to not file any summary judgment motions at all. The dispositive motions deadline was the last date to file summary judgment motions, not the deadline for all of them to be filed. Finally, Plaintiffs argue that there are genuine issues of material fact as to specific claims, but the Order on Motion for Summary Judgment did not reach the merits of the claims because the statute of limitations issued dismissed the case.

Plaintiffs have not made a sufficient showing under Fed.R.Civ.P. 59 and 60. Their motion should be denied.

THEREFORE, Plaintiffs' Motion to Amend or Alter Summary Judgment (Dkt. 37) is HEREBY DENIED. The case shall remain closed.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 2nd day of November, 2016.

                                    _____
                                    ROBERT J. BRYAN
                                    United States District Judge

ORDER DENYING MOTION TO AMEND OR
ALTER SUMMARY JUDGMENT- 4